IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:17-CV-45-FL

| | |
|---|---|
| MARY BETH HOGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| FAYETTEVILLE STATE UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss. (DE 9). The motion has been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, the motion is granted in part and denied in part.

**BACKGROUND**

Plaintiff initiated this action September 24, 2017, asserting claims of employment discrimination,[1] hostile work environment, and retaliation on the basis race and gender under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and on the basis of age under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"). Defendant filed the instant motion December 11, 2017, seeking dismissal on grounds that plaintiff's claims are time-barred or fail to state a claim upon which relief can be granted.

**STATEMENT OF THE ALLEGED FACTS**

---

[1] Plaintiff does not use the term "disparate treatment" in describing her discrimination claims. The court infers that she has pleaded disparate treatment claims under Title VII and the ADEA based on allegations in her complaint.

The facts alleged in the complaint may be summarized as follows. Defendant is a component of the University of North Carolina. (DE 1 ¶ 1). Plaintiff is a caucasian woman over age 40, currently employed as a faculty member of defendant. (Id. ¶ 3). Plaintiff commenced employment with defendant sometime in 2006 and worked, for a substantial portion of her career with defendant, at defendant's School of Business. (Id. ¶ 16). While employed in the School of Business, plaintiff was responsible for creating and implementing the School of Business's health care administration discipline. (Id. ¶ 17). Plaintiff was the driving force in causing the University of North Carolina Board of Governors ("the Board") to approve creation of a bachelor's of science degree in healthcare administration at the School of Business. (Id. ¶ 18).

Immediately upon the Board's approval of the healthcare administration program, defendant transferred the program from the School of Business's department of management to its department of accounting. (Id. ¶ 19). Thereafter, defendant appointed Dr. Ulysses Taylor ("Taylor"), a non-caucasian male, to direct the healthcare administration program. (Id. ¶ 20).

Plaintiff complained at the time to defendant's administrators and human resources department that Taylor's appointment, where plaintiff was more qualified to perform the pertinent duties, constituted discrimination on the basis of race, sex, and age. (Id. ¶¶ 21, 23). Moreover, Taylor removed plaintiff from her position as coordinator/director of the healthcare administration program; appointed a non-caucasian faculty member, and not plaintiff, to be assistant chair without regard to a required faculty voting process; marginalized and changed plaintiff's job responsibilities within the healthcare administration program; denied plaintiff salary increases; ignored misconduct of non-caucasian employees; verbally abused plaintiff while at work; provided plaintiff with an incorrect performance evaluation; and removed plaintiff from her teaching assignments. (Id. ¶¶ 20,

22).

During summer 2016, defendant's provost Jon Young ("Young") met with plaintiff and advised that if plaintiff did not accept a proposed "reassignment/demotion" of her job title and responsibilities, she could face negative repercussions. (Id. ¶ 24). Defendant also denied plaintiff salary increases and promotion opportunities, including denying plaintiff's ability to be promoted to full professor, while granting salary increases similarly-situated individuals outside plaintiff's protected classes. (Id. ¶ 24). Due to Young's threats, plaintiff accepted the proposed "reassignment/demotion" of her job in 2016. (Id. ¶ 25).

In or about September 2016, plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 29). On or about June 29, 2017, the EEOC mailed plaintiff a right-to-sue letter. (Id. ¶ 30). This action followed.

## DISCUSSION

A. Standards of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the [petitioner], in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id. "[T]he facts

3

alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.    Analysis

Defendant seeks dismissal of any time-barred claims under Rule 12(b)(1) on the ground that the court is without subject matter jurisdiction to hear them. Defendant seeks dismissal of plaintiff's disparate treatment and retaliation claims under Rule 12(b)(6) on the ground that the complaint fails to state a claim.[2]

1.   Timeliness of Claims

Charges filed with the EEOC must be filed within 180 days of each discrete adverse employment action described in the complaint. See, e.g., 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act. The charge, therefore, must be filed within the 180– or 300–day time period after the discrete discriminatory act occurred"). The same limitation period applies regarding ADEA claims. See 29 U.S.C. § 626(d).

Defendant argues that because plaintiff filed her EEOC charge on September 1, 2016, all allegedly discriminatory acts occurring more than 180 days prior, or before March 6, 2016, are time barred.

First, construing all well-pleaded facts in the light most favorable to plaintiff, many if not all of the alleged discriminatory acts related to plaintiff's disparate treatment claims could have occurred within the 180-day window before plaintiff filed her charge. Although plaintiff does not plead any dates on which Taylor and a junior faculty member were promoted to director and assistant chair, respectively, of the healthcare administrative program, the parties may raise any factual argument pertinent to this issue on motion for summary judgment. See Fed. R. Civ. P. 56.

---

[2]  While defendant's motion references Rule 12(b)(2), defendant advances no argument pertinent to the court's personal jurisdiction over defendant.

Second, regarding plaintiff's hostile work environment claims, allegedly discriminatory acts that would be time-barred are saved under the doctrine of "continuing violation." See Guessous v. Fairview Prop. Investments, LLC, 828 F.3d 208, 221 n.5 (4th Cir. 2016) (citing Morgan, 536 U.S. at 116–17) ("the Supreme Court rejected the 'continuing violation' doctrine then followed in the Ninth Circuit, which held a defendant could be liable for discrete discriminatory acts that were otherwise time barred if those acts were related to subsequent violations falling within the statutory period . . . . However, it adopted such a doctrine with respect to hostile work environment claims, and this and other courts have referred to this doctrine as a 'continuing violation' approach."). Under the doctrine of continuing violation, "[i]n determining whether an actionable hostile work environment claim exists, we look to all the circumstances . . . . Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Morgan, 536 U.S. at 116–17 (interior quotations omitted).[3]

Finally, regarding plaintiff's retaliation claims, plaintiff alleges that, in summer 2016, Young required plaintiff to accept inferior terms of employment under threat of negative consequences should plaintiff refuse. (DE 1 ¶ 24). These claims fall within the filing period and are not time-barred. Accordingly, based on the alleged facts, plaintiff's claims are not time-barred.

2.  Adequacy of Allegations

---

[3] It is incumbent on plaintiff to show, for example, that discriminatory incidents that occurred "[s]ince [Taylor became] [c]hair of [d]efendant's [h]ealthcare program in 2014[,]" (DE 1 ¶ 22), are not isolated incidents and that at least one such incident did occur during the filing period. See Morgan, 536 U.S. at 116–17.

Defendant argues that the complaint fails to state a claim of disparate treatment or retaliation.[4] Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA provides that "[i]t shall be unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). The ADEA creates a cause of action for federal employees over the age of 40 who allege discrimination on the basis of age. See 29 U.S.C. § 633a.

Under Title VII and the ADEA, a plaintiff need not establish a prima facie case of discrimination in order to survive a motion to dismiss. The Supreme Court has rejected this requirement in the context of a motion to dismiss, Swierkiewicz v. Sorema N.A., 534 U.S. 506, (2002)), but plaintiffs still are required to plead sufficient facts to support all the elements of a claim, Bass, 324 F.3d at 765 ("Our circuit has not, however, interpreted Swierkiewicz as removing the burden of a plaintiff to allege facts sufficient to state all the elements of her claim.").

    i.    Disparate Treatment Claims

To state a claim for disparate treatment, plaintiff must allege: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) that similarly

---

[4] Defendant's memorandum in support of motion to dismiss advances no argument pertinent to plaintiff's claims of hostile work environment on Rule 12(b)(6) grounds. Accordingly, the court considers any challenge, at this juncture, to adequacy of plaintiff's hostile work environment claims waived.

7

situated employees outside the protected class received more favorable treatment. White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 (4th Cir. 2004). "An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." James v. Booz–Allen Hamilton, Inc., 368 F.3d 371, 375 (4th Cir. 2004) (internal quotations omitted). While "[c]onduct short of ultimate employment decisions can constitute adverse employment action," James, 368 F.3d at 375–76 (quoting Von Gunten v. Maryland, 243 F.3d 858, 865 (4th Cir. 2001), abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006)) (internal quotation marks omitted), the "typical requirements for a showing of an 'adverse employment action'" are "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion," Boone v. Goldin, 178 F.3d 253, 255 (4th Cir.1999).

Plaintiff alleges sufficient facts to state a claim of disparate treatment. First, plaintiff alleges membership in multiple protected classes. (DE 1 ¶ 3). Second, plaintiff alleges job performance, including establishment of a new academic program in addition to discharge of her teaching duties, that the court cannot deem unsatisfactory at this juncture. (See DE 1 ¶ 17). Third, plaintiff alleges that she was denied leadership positions in the healthcare administration program she established, was denied promotion to full professor and other salary increases, and eventually was reassigned outside her chosen career path in healthcare administration. (Id. ¶¶ 20, 22, 26). Each of the foregoing may be deemed "adverse employment action" under Boone. See 178 F.3d at 255. Finally, plaintiff alleges that individuals outside her protected classes, particularly Taylor and an unnamed junior faculty member, received more favorable treatment. (DE 1 ¶ 20). The foregoing satisfies the elements of disparate treatment. See White, 375 F.3d at 295.

8

Defendant argues, based upon evidence outside the scope of the complaint, that plaintiff suffered no adverse employment action because her pay was not diminished, that Young simply was exercising professional judgment about how best to use plaintiff's abilities within the university when he required plaintiff to accept reassignment, and that plaintiff fails to plead that her job performance met defendant's expectations. These argument fail because, as noted, pay decrease is not required to show adverse employment action. See Boone, 173 F.3d at 225. Further, any conclusion that Young's actions were non-discriminatory in nature fails to "construe [the] facts in the light most favorable to the plaintiff" where, on the facts alleged, plausible inference is available that defendant, through Young and others, accorded disparate treatment to plaintiff relative to individuals who not members of some or all of the protected classes to which plaintiff belongs. Finally, while plaintiff does not plead specifically that her performance met defendant's expectations, plaintiff does plead that she exhibited "superior job performance" and plaintiff provides support for that characterization of her work where she explains that she performed teaching duties and established a new academic program. (DE 1 ¶¶ 16, 17, 18, 28). The court cannot, at this juncture, conclude that the foregoing level of job performance is inadequate under law.

With respect to plaintiff's claims of discrimination based on disparate treatment under Title VII and the ADEA, defendant's motion to dismiss is denied.

    ii.    Retaliation Claims

To establish a prima facie claim for retaliation under Title VII or the ADEA, a plaintiff must demonstrate that "she engaged in a protected activity"; 2) "her employer took an adverse action against her"; and 3) that "a casual link between the two events" existed. Boyer-Liberto v.

Fontainebleau Corp, 786 F.3d 264, 281 (4th Cir. 2015). "To prove a causal connection, [plaintiff] must be able to show that [defendant to an adverse action against her] because the plaintiff engaged in a protected activity." Holland v. Washington Homes, Inc., 487 F.3d 208, 218 (4th Cir. 2007) (quotations omitted).

A casual connection is one that links the adverse employment action and protected activity. See Laber 438 F.3d at 432. While a causal connection can be established when an employer takes an adverse employment action shortly after learning of a protected activity, "mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action" is not "sufficient evidence of causality to establish a prima facie case" unless temporal proximity is "very close." Clark County School Dist. v. Breeden, 532 U.S. 268, 273 (2001) (finding that three to four months was not proximate enough to establish a causal connection absent other evidence)

The complaint sets forth adequate allegations of retaliation. First, the complaint alleges that plaintiff complained to defendant's administrators and human resources department about allegedly discriminatory decision to install Taylor as director of the healthcare administration program and a junior professor as assistant chair. (DE 1 ¶¶ 20, 22). Complaints of that nature constitute protected "oppos[ition]" of employment practices made unlawful by Title VII and the ADEA. 42 U.S.C. ¶ 2000e-3(a). Second, as held above, the complaint alleges adverse employment action. See James, 368 F.3d at 375. Finally, while omitting specific dates, plaintiff alleges that she lodged complaints of discrimination beginning in 2014 and continuing to the present, which complaints preceded Young's decision to reassign plaintiff to perform duties outside her chosen field. (DE 1 ¶¶ 21, 23). Viewed in the light most favorable to plaintiff, these pleadings allow inference that

Young decided to reassign plaintiff because she engaged in protected activity, either based upon temporal proximity or other independent evidence of a link between adverse employment action and protected activity. See Laber 438 F.3d at 432. Accordingly, the complaint states a claim of retaliation. See Boyer-Liberto, 786 F.3d at 281.

Defendant argues that where plaintiff alleges that she lodged complaints with defendant's administrators and human resources department, the complaint fails to set forth any non-conclusory allegation of protected activity. This argument fails, however, because assertion that plaintiff took action to lodge her complaints with defendant's administrators and human resources department is an allegation of fact, not a legal conclusion, even if the details of any such episodes are alleged only in outline. See Iqbal, 556 U.S. at 678.

Defendant argues further that, where plaintiff fails to allege that Young or any other pertinent individual had knowledge of plaintiff's protected activity, plaintiff fails to allege causation. However, this argument fails where the facts alleged in the complaint give ample notice that plaintiff's theory of retaliation rests, in part, on Young's knowledge that plaintiff engaged in protected activity. Therefore, despite that plaintiff does not state as a freestanding allegation that Young knew of plaintiff's protected activity, the complaint fairly may be construed to include such allegation. See Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

In sum, where defendant has not demonstrated that plaintiff's claims are time-barred and where the complaint states claims of disparate treatment and retaliation in violation of Title VII and the ADEA, defendant's motion to dismiss is denied. Finally, where plaintiff does not oppose plaintiff's motion insofar as it seeks dismissal of plaintiff's for punitive damages, in that part, the motion is granted.

**CONCLUSION**

For reasons noted, defendant's motion to dismiss, (DE 9), is GRANTED IN PART insofar as it seeks dismissal of plaintiff's prayer for punitive damages. Otherwise, the motion is DENIED. Plaintiff's prayer for punitive damages is DISMISSED. All other claims shall proceed. Stay entered December 12, 2017, is LIFTED. Initial order governing planning and scheduling will follow.

SO ORDERED, this the 13th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge